In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-22-00074-CR**
**NO. 09-22-00075-CR**

_____

**JESSE ALLEN GRIFFIN, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 128th District Court**
**Orange County, Texas**
**Trial Cause Nos. A200433-R and A200436-R**

**MEMORANDUM OPINION**

Jesse Allen Griffin pled guilty to two counts of intoxication manslaughter. *See* Tex. Penal Code Ann. § 49.08(b). Under the terms of the plea, Griffin made no agreement regarding punishment. After a bench trial regarding punishment only, the trial court sentenced Griffin to 14 years' incarceration for each count, to run consecutively.

1

In three issues on appeal, Griffin argues that the trial court violated article 26.13 of the Texas Code of Criminal Procedure, the trial court misled him by misinforming him of the correct punishment range, and his plea was involuntary. The State concedes error as to the first issue. The State agrees that Griffin's conviction and sentence should be reversed and remanded for a new trial.

Per Griffin's written plea admonishments, Griffin was advised by the trial court that since he was pleading guilty to a third-degree felony, he faced a punishment range of "[a] term of not more than 10 years or less than 2 years in TDCJ[.]" The trial court then sentenced Griffin to 14 years' incarceration. This sentence is in violation of Article 26.13(a)(1) of the Texas Code of Criminal Procedure that requires a defendant in a "plea of guilty…shall" be admonished of "the range of punishment attached to the offense." *See* Tex. Code Crim. Proc. Ann. art. 26.13.

We sustain Griffin's first issue; we reverse and remand the judgments of the court for a new trial.

REVERSED AND REMANDED.

_____
JAY WRIGHT
Justice

Submitted on May 18, 2023
Opinion Delivered May 31, 2023
Do Not Publish

Before Horton, Johnson, and Wright, JJ.

2